IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3133-BO

| | |
|---|---|
| MARIO FERNANDO SANTORO, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, et al., )<br>Defendants. ) | **ORDER** |

Mario Fernando Santoro ("plaintiff"), a federal inmate, filed this suit pursuant to the Federal Tort Claims Act ("FTCA") [D.E.1, 9, 11]. The United States of America filed a motion to dismiss the FTCA claim pursuant to Rule 12(b)(1) and Rule 12(b)(6) [D.E.25, 26]. Plaintiff has been given notice of the motion, but has not filed a response. In this posture, the matter is properly before the court.

Under the FTCA, plaintiff alleges negligent medical care regarding radiation treatment for the treatment of prostrate cancer [D.E. 1, at 7]. The United States seeks dismissal of the FTCA claim for failure to comply with North Carolina's pre-filing requirement Rule 9(j). Mem. Supp. Mot. Dismiss at 10-12. Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. §§ 2647, 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). North Carolina substantive law controls claim. See, e.g., Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quotation omitted); see also 28 U.S.C. § 1346(b).

In North Carolina there are substantive legal requirements that a person must follow to pursue a medical malpractice claim. In North Carolina, a plaintiff asserting negligence must prove the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, a causal relationship between the breach of duty and the plaintiff's alleged injuries, and certain actual injury or loss sustained by the plaintiff. Camalier v. Jeffries, 340 N.C. 699, 706 (1995); Blackwell v. Hatley, 688 S.E.2d 742, 746 (N.C. Ct. App. 2010).

North Carolina Rule of Civil Procedure 9(j) states in relevant part:

Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. § ] 90-21.12 shall be dismissed unless:

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt. Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676-77 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713-14 (E.D.N.C.

2001).

The North Carolina legislature did not create an exception for ignorance or good cause in enacting Rule 9(j). "Rule 9(j) unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements." Barringer v. Forsyth County Wake Forest Univ. Baptist Med. Ctr., 197 N.C. App. 238, 255, 677 S.E.2d 465, 477 (2009). Furthermore, plaintiff's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirements. See, e.g., Smith v. United States, No. 1:08cv838 (LO/JFA), 2010 WL 256595, at *3 n.5 (E.D. Va. Jan. 19, 2010) (unpublished).

Rule 9(j) provides one narrow exception: a litigant is excused from Rule 9(j)'s pre-filing certification requirement if negligence may be established under the doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (emphasis removed) (quotation omitted); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffner v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691-94, 336 S.E.2d 116, 118-19 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient). Notably, "[w]hen treatment results in an injury to an area implicated in the surgical field, however, common knowledge does not support an inference of negligence in North Carolina." Wright v. United States, 280 F. Supp. 2d 472, 481 (M.D.N.C. 2003) (citing Diehl, 140 N.C. App. at 380, 536 S.E.2d at 363 ("This Court does not believe that the proper standard of care . . . for gallbladder removal nor its attendant risks are within the common knowledge or experience of a jury.")). Plaintiff has failed to satisfy the criteria 9(j), has he established res ipsa loquitur, nor has he filed any

3

response to defendant's argument and defense. The claim is dismissed.

Accordingly, defendant's motion to dismiss [D.E. 25] is GRANTED and the matter is DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the __6__ day of May 2013.

*Terrence Boyle* (signature)
TERRENCE W. BOYLE
United States District Judge